## Commonwealth v. Bryan

*Harry C. Fithian, Jr.,* for Commonwealth.

*Fierro, Campana & Campana,* for defendant.

WILLIAMS, P. J., May 4, 1961.—Defendant, Emerson E. Bryan, has been charged with reckless driving by the police department of the City of Williamsport. He waived a hearing before an alderman in the City of Williamsport and, before a hearing was set for the merits in the case, he made a written motion to quash the information for the following reason: "1. Information is fatally defective because it does not show that the alderman is the available magistrate in the City of Williamsport who is nearest the place where the alleged violation occurred."

From the information it appears that defendant was traveling north on Market Street when the alleged offense occurred. Alderman MacArthur, before whom the offense was charged, has an office several blocks away from the scene of the alleged offense and appears to be the nearest available magistrate. We are of the opinion, however, that it is not necessary to allege in the information or transcript that the justice of the peace or alderman before whom the prosecution is made is the nearest available magistrate. It has been held that there is a presumption of the regularity of the proceedings where the prosecution was brought before a justice of the peace in the same township as the alleged violation: Commonwealth v. Arcara, 81 D. & C. 42. In the instant case, there is no question that the magistrate involved has his office in Williamsport and that the offense occurred in Williamsport.

This being so, the burden is on defendant to show that the magistrate in this case is not the nearest available magistrate: Commonwealth v. Arcara, supra. We are not in accord with Commonwealth v. Quick, 89 D. & C. 471, cited by defendant.

It has also been argued that the information as written violates article V, sec. 23, of the Constitution of Pennsylvania which provides that all prosecutions shall be carried on in the name and by the authority of the Commonwealth, and the style of all processes shall be "Commonwealth of Pennsylvania." Defendant argues that the information in this case is headed "Commonwealth of Pennsylvania County of Lycoming v. Emerson E. Bryan." We see little merit in this argument. The name "County of Lycoming," added to the style of the action, is mere surplusage. It has been held that although process must go on in the name of the Commonwealth, it is immaterial in what part of the precept the Commonwealth is introduced: White v. Commonwealth, 6 Binn. 179.

### Order of Court

And now, May 4, 1961, the motion to quash is denied and refused, costs on defendant, the matter to be placed on the list for trial at the next summary conviction court.